## UNITED STATES DISTRICT COURT

### DISTRICT OF NEW JERSEY

#### (609) 989-2182

CHAMBERS OF
FREDA L. WOLFSON
CHIEF JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, NEW JERSEY 08608

## LETTER ORDER

February 28, 2020

Marianne C. Tolomeo, Esq.
Connell Foley, LLP
1085 Raymond Blvd., 19th Fl.
One Newark Center
Newark, NJ 07102

Michael Scott Harwin, Esq.
Law Offices of Michael Harwin
38-27 Fair lawn Avenue
Fair Lawn, NJ 07410

Kelly D. Bunting, Esq.
Greenberg Traurig
1717 Arch St., Suite 400
Philadelphia, PA 19107

RE:   *Marrin v. Capital Health, et al.*
      **Civ. Action No.: 14-2558 (FLW) (LHG)**

Counsel:

This matter comes before the Court on a motion for judgment filed by Defendants Capital

Health System, Inc., Joan DuVall, and Carolann Bass (collectively, "Defendants"). Following this

1

Court's July 20, 2017 Opinion and Order awarding Defendants attorneys' fees and costs on *pro se* Plaintiff Janice Marrin's ("Plaintiff") claim under the Conscientious Employee Protect Act ("CEPA"), Defendants' motion now seeks judgment in their favor in the amount of $22,444.43 against Plaintiff and Plaintiff's former counsel, Michael Harwin ("Harwin"), jointly and severally. For the reasons that follow, Defendants' motion is granted as to Plaintiff, but denied as to Harwin.

By way of background, after this Court partially granted Defendants' motion to dismiss the Second Amended Complaint ("SAC") in this matter on January 29, 2015, Plaintiff filed a Third Amended Complaint ("TAC") asserting violations under 1) CEPA, 2) the Family Medical Leave Act ("FMLA"), and 3) the New Jersey Law Against Discrimination ("NJLAD"). On November 7, 2016, in response to Defendants' motion for summary judgment, Plaintiff withdrew her CEPA claim. On May 31, 2017, the Court granted Defendants' summary judgment motion, dismissing all claims, and on July 20, 2017, the Court granted Defendants' motion for attorneys' fees and costs as to Plaintiff's CEPA claim, pursuant to N.J.S.A. 34:19-6. On March 29, 2019, the Court denied Defendants' motion for attorneys' fees and costs as the prevailing party on the remainder of Plaintiff's claims. Thereafter, on July 22, 2019, Defendants filed the present motion for judgment on the CEPA claim in the amount of $22,444.43, against Plaintiff and Harwin, jointly and severally. Only Harwin, who this Court previously relieved as Plaintiff's counsel after Plaintiff terminated his representation, opposed the present motion. Plaintiff, despite being served, has not responded in any way to the motion.

CEPA provides in relevant part that "[a] court ... may [ ] order that reasonable attorneys' fees and court costs be awarded to an employer." N.J.S.A. § 34:19–6. The award of attorneys' fees, however, is discretionary. *Best v. C & M Doors Controls, Inc.,* 402 N.J.Super. 229, 246, 953 A.2d

775 (App. Div. 2008), *aff'd in part and rev'd in part,* 200 N.J. 348 (2009). In the present matter, Harwin opposes the assessment of fees against him, arguing that CEPA does not provide for fees against attorneys and that this Court's July 2017 Opinion and Order only awarded fees against Plaintiff. I agree.

As an initial matter, neither the Opinion nor Order suggest that fees should be awarded against Plaintiff's attorney. While I did not specify that Plaintiff alone was responsible for fees, it was not necessary for me to do so, as the motion was premised solely on Plaintiff's conduct. *See* ECF No. 93 at 1 (seeking "statutory awar[d] of reasonable attorneys fees and costs in light of *Plaintiff Janice Marrin's* continued pursuit of a baseless CEPA claim") (emphasis added).

Moreover, I could not have awarded fees against Harwin under CEPA, because the statute does not authorize me to do so. The plain language of the statute indicates that only employees are liable for attorneys' fees and costs, as the statute discusses the assessment of fees against "an employee," and makes no mention of attorneys. N.J.S.A. § 34:19–6. Indeed, at least one court in this district has agreed with this interpretation, and Defendants have cited no cases holding otherwise. *See Robles v. U.S. Envtl. Universal Servs., Inc.*, No. 09-2377, 2012 WL 1033040, at *3 (D.N.J. Mar. 26, 2012) ("CEPA provides that the assessment of attorneys' fees should be made against the *employee.*" (emphasis in original)). As the court in *Robles* further noted, courts interpreting similar civil rights statutes have also declined to assess fees against attorneys. *See Murphy v. Hous. Auth. & Urban Redevelopment Agency of City of Atl. City,* 158 F. Supp. 2d 438, 444 (D.N.J. 2001) (noting that the Third Circuit has held civil rights statute did "not authorize the award of attorneys' fees against plaintiff's attorney") (citing *Brown v. Borough of Chambersburg*, 903 F.2d 274, 277 (3d Cir. 1990)); *Brown v. Fairleigh Dickinson Univ.*, 560 F. Supp. 391, 407

(D.N.J. 1983) (noting that "a party is considered responsible for the conduct of counsel, and attorneys' fees, if awarded, are assessed against the plaintiff rather than against counsel"). As a result, the Court will not award fees and costs against Harwin.

As I previously awarded fees against Plaintiff, however, I must still assess the reasonableness of the requested fees.[1] Defendants, as "[t]he party seeking attorney's fees has the burden to prove that [their] request…is reasonable." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). In the Third Circuit, the "starting point" for calculating reasonable attorneys' fees is determining the lode star. *Hurley v. Atlantic City Police Dep't,* 174 F.3d 95, 131 (3d Cir. 1999); *see Best v. C&M Door Controls, Inc.*, 402 N.J. Super. 229, 249, (App. Div. 2008), *aff'd in part, rev'd in part*, 200 N.J. 348 (2009) (lode star applicable to CEPA); *Donelson v. DuPont Chambers Works*, No. A-2028-08T1, 2011 WL 5299583, at *11 (N.J. Super. Ct. App. Div. Nov. 7, 2011) (same). The lode star is "comprised of the applicable hourly rate for the legal services and the product of the hours reasonably expended" in the litigation. *Vukovich v. Haifa, Inc.*, No. 03-737, 2007 WL 2596547, at *2 (D.N.J. Sept. 5, 2007) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Court has substantial discretion in determining what constitutes a reasonable rate and reasonable hours. *Lanni v. New Jersey*, 259 F.3d 146, 148 (3d Cir. 2001).

Defendants' attorneys seek $22,444.43 in fees and costs related to their work defending the

---

[1] Typically, courts assess the reasonableness of the fee request only "if the opposing party raises a specific objection that is sufficient to provide 'the fee applicant with notice of the contested portions of the claimed fee.'" *Butler v. Frett*, No. 99-4367, 2006 WL 1806412, at *7, 2006 U.S. Dist. LEXIS 44468, at *22 (D.N.J. June 29, 2006) (citing *Rode*, 892 F.2d at 1183). Here, while Plaintiff has not filed an opposition, Harwin has raised specific objections to the reasonableness of the fee request. Because Plaintiff is proceeding *pro se*, I will address Harwin's objections as if they were Plaintiff's.

CEPA claim.  In total, two shareholders billed at a total of 35 hours at a rate of $390 and one associate billed 28.9 hours at a rate of $310.  These hourly rates are generally in line with rates charged in this District in civil rights cases. *See Slomovitz v. Enclave at Fairways Homeowners Ass'n, Inc.*, No. 18-16910, 2019 WL 5587290, at *4 (D.N.J. Oct. 30, 2019) (approving blended rate of $400 per hour in civil rates case); *Andujar v. Gen. Nutrition Corp.,* No. 14-7696, 2018 WL 3999569, at *2 (D.N.J. Aug. 20, 2018) ($450 per hour in an action under NJLAD). After reviewing the time sheets and invoices that Defendants have submitted in support of their motion, I am further satisfied that the entire fee request is reasonable. Most of the time entries relate to researching and drafting the summary judgment motion, and many indicate that the work was related solely to defending the CEPA claim. Harwin attacks the reasonableness of the fees on the grounds that certain entries do not specify whether the work was related to the CEPA claim or one of the other claims, and asks the Court to reduce the number of hours worked by 75%. As I noted in the July 17 Opinion, the CEPA and NJLAD retaliation claims were inextricably interrelated and, "[d]isentangling which attorney hours were devoted to each claim, when both shared the same basis would be nearly impossible." *Marrin v. Capital Health Sys., Inc.*, No. 14-2558, 2017 WL 3086370, at *7 (D.N.J. July 20, 2017). To that end, however, the invoices clearly indicate that Defendants discounted a significant number of hours spent on non-CEPA related work, and Defendants have attested that they "carefully analyzed their time entries to identify only those entries within the scope of the Court's order." ECF No. 144 at 6.  Thus, I find that $22,444.43 fee request to be reasonable.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for judgment is **GRANTED** as to

Plaintiff, but is **DENIED** as to Harwin, and Defendants shall be awarded $22,444.43 in fees and cost against Plaintiff.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge

6